UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

---

AMERICAN FARM BUREAU
FEDERATION,

   and

PENNSYLVANIA FARM BUREAU,

     Plaintiffs,

  v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

     Defendant.

Case No.  1:11-CV-0067

(Judge Rambo)

---

## DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant, United States Environmental Protection Agency ("EPA" or "the Agency"), through undersigned counsel, hereby responds to the correspondingly numbered paragraphs in Plaintiffs' Complaint ("the Complaint") as follows:

1.      The allegations in Paragraph 1 characterize Plaintiffs' lawsuit (first sentence) and assert conclusions of law (second sentence) to which no response is required.  The remaining allegations require no response because they purport to characterize the final Chesapeake Bay Total Maximum Daily Load ("TMDL"), which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2.      Defendant denies the allegations in the first and second sentences of Paragraph 2. The allegations in the third sentence of Paragraph 2 constitute legal conclusions to which no

response is required.  To the extent a response is required, Defendant denies the allegations in the third sentence of Paragraph 2.

3.      Defendant denies the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 constitute legal conclusions and Plaintiffs' characterization of their requested relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief requested in Paragraph 4.

## JURISDICTION AND VENUE[1]

5.      Defendant admits the allegations in the first sentence of Paragraph 5.  The allegations in the second sentence of Paragraph 5 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in the second sentence of Paragraph 5.

6.      Defendant admits that EPA is an agency of the United States.  Defendant lacks knowledge or information to form a belief as to the truth of the allegation that Plaintiffs reside in this judicial district and, on that basis, it is denied.  The remaining allegations in Paragraph 6 constitute legal conclusions to which no response is required.

## PARTIES

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, they are denied.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, they are denied.  In addition, the

---

[1] For the convenience of the reader, this Answer sets forth the headings and subheadings used in Plaintiffs' Complaint.  Defendant intends no admission by adopting this convention.

allegations in the second, third, and fourth sentences of Paragraph 8 (including footnote 1) constitute legal conclusions to which no response is required.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, they are denied.  In addition, the allegations in Paragraph 9 constitute legal conclusions to which no response is required.

10.     Defendant admit that the American Farm Bureau Federation provided comments on the Draft Bay TMDL.  The remaining allegations in Paragraph 10 require no response because they purport to characterize Plaintiff the American Farm Bureau Federation's comments which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Defendant denies the remaining allegations in Paragraph 10 because they do not accurately characterize the administrative record.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in the first two sentences of Paragraph 11 and, on that basis, they are denied.  The remaining allegations in the second sentence of Paragraph 11 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in the second sentence of Paragraph 11.  Defendant admits that Pennsylvania Farm Bureau provided comments on the draft Chesapeake Bay TMDL.

12.     Defendant admits the allegations in Paragraph 12.

## STATUTORY AND REGULATORY FRAMEWORK

13.     The allegations in Paragraph 13 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 13.

**Overview of Clean Water Act Regulation**

14.     The allegations in Paragraph 14 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 and footnote 2 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 15 and footnote 2.

16.     The allegations in Paragraph 16 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 16.

**Development of Water Quality Standards**

17.     The allegations in Paragraph 17 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 19.

**Development of TMDLs for Impaired Waters**

20.     The allegations in Paragraph 20 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 22.

**Implementation of TMDLs**

23.     The allegations in Paragraph 23 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 25.

26.     The allegations in Paragraph 26 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 26.

**Addressing Impairment Caused by Nonpoint Sources**

27.     The allegations in Paragraph 27 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 29.

## FACTUAL BACKGROUND

### Chesapeake Bay Program and Tributary Strategies

30.     The allegations Paragraph 30 constitute legal conclusions to which no response is required.  Further, the allegations in Paragraph 30 require no response to the extent they purport to characterize the Chesapeake Bay Program's structure, membership, or agreements, the relevant Chesapeake Bay Program documents, and other parts of the administrative record, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 30 because they do not accurately characterize the administrative record.

31.     The allegations in the first and third sentences of Paragraph 31 require no response because they are legal conclusions and purport to characterize the Chesapeake 2000 Agreement, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in the first and third sentences of Paragraph 31 because they do not accurately characterize the administrative record.  In response to the second sentence of Paragraph 31 Defendant admits that, in April 2003, EPA published a water quality guidance document titled *Ambient Water Quality Criteria for Dissolved Oxygen,*

*Water Clarity and Chlorophyll a for the Chesapeake Bay and Its Tidal Tributaries* (EPA, April 2003), which was subsequently supplemented by several addenda.

32.     Defendant admits that four watershed jurisdictions with Bay tidal waters adopted water quality standards and seven watershed jurisdictions developed Chesapeake Bay Tributary Strategies between 2004 and 2006.  To the extent the allegations of Paragraph 32 purport to characterize those water quality standards or tributary strategies, no response is required because those documents speak for themselves and are the best evidence of their contents.  In addition, the allegations in the second sentence of Paragraph 32 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in Paragraph 32.

33.     With respect to the allegations in the first sentence of Paragraph 33, Defendant admits that in 2007 the seven watershed jurisdictions and EPA reached consensus on a target date of 2025 for necessary pollution control measures to be in place and denies the remainder of the allegations in the first sentence of Paragraph 33.  With respect to the allegations in the second sentence of Paragraph 33, Defendant denies that efforts prior to establishment of the Bay TMDL were making sufficient improvements in the water quality and overall health of the Chesapeake Bay.  The allegations in sentences three through six of Paragraph 33 require no response because they purport to characterize the administrative record, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in sentences three through six of Paragraph 33 because they do not accurately characterize the administrative record.

**Success of Bay Watershed Agricultural Community in Reducing Pollution to the Bay**

34.     With respect to the allegations in Paragraph 34, Defendant admits that many farmers in the Chesapeake Bay watershed have contributed to protecting the Bay through improved farmland practices in recent years, including more efficient use of fertilizer and best management practices.  The remaining allegations in Paragraph 34  require no response because they purport to characterize  the administrative record, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the remaining allegations because they do not accurately characterize the administrative record.

35.     Defendant admits that the Natural Resources Conservation Service ("NRCS") released a review draft of a report in October 2010.  The remaining allegations in Paragraph 35 require no response because they purport to characterize the NRCS draft report, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the remaining allegations in Paragraph 35 because they do not accurately characterize the administrative record.

36.     The allegations in Paragraph 36 require no response because they purport to characterize the NRCS draft report, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 36 because they do not accurately characterize the administrative record.

37.     The allegations in Paragraph 37 require no response because they purport to characterize a document used by Defendant at a public meeting in Washington DC regarding the draft Chesapeake Bay TMDL, which document speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 37 because they do not accurately characterize the administrative record.

**Development of a Federal TMDL**

38.     The allegations in the first sentence of Paragraph 38 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  The allegations in the second sentence of Paragraph 38 constitute legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in the first and second sentences of Paragraph 38.  Defendant denies the allegations in the remainder of Paragraph 38.

39.     The allegations in Paragraph 39 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 39 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

40.     The allegations in Paragraph 40 require no response because they purport to characterize the draft Chesapeake Bay TMDL and the final Chesapeake Bay TMDL, each of which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 40 because they do not accurately characterize the administrative record, including the draft Chesapeake Bay TMDL and the final Chesapeake Bay TMDL.

41.     The allegations in the first sentence of Paragraph 41 and the first clause of the second sentence of Paragraph 41 require no response because they purport to characterize the draft Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents. The allegations in all three sentences of Paragraph 41 constitute legal conclusions to which no

response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42.  The allegations in the second, fourth and fifth sentences of Paragraph 42 also constitute legal conclusions to which no response is required.

43.     The allegations in Paragraph 43 require no response because they purport to characterize the draft Chesapeake Bay TMDL and the final Chesapeake Bay TMDL, each of which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 43 because they do not accurately characterize the administrative record, including the draft Chesapeake Bay TMDL and the final Chesapeake Bay TMDL.

44.     Defendant denies the allegations in the first sentence of Paragraph 44.  The allegations in the second sentence of Paragraph 44 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in the second sentence of Paragraph 44.

45.     The allegations in the first and fourth sentences of Paragraph 45 constitute legal conclusions to which no response is required. The allegations in the second sentence of Paragraph 45 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  The allegations in the third sentence of Paragraph 45, including footnote 3, require no response because they purport to characterize the draft Chesapeake Bay TMDL and the final Chesapeake Bay TMDL, each of which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46.     The allegations in the first sentence of Paragraph 46 require no response because they purport to characterize the administrative record, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in the first sentence of Paragraph 46 because they do not accurately characterize the administrative record.  The allegations in the second sentence of Paragraph 46 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in the second sentence of Paragraph 46.

**Development of a Federal TMDL**

47.     Defendant admits the allegations in Paragraph 47.

48.     Noting that too much nitrogen, phosphorus, and sediment are not beneficial to a healthy Bay ecosystem, Defendant admits the allegations in Paragraph 48.

49.     Because the meaning of the terms "EPA does not know" and "EPA does not know precisely" are not clear, especially in this highly technical context, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences of Paragraph 49  and on that basis, denies them.  Regarding the allegations in the third sentence of Paragraph 49, Defendant admits that it used computer models to estimate the loading of these pollutants and their impacts on water quality.

50.     With respect to the first sentence of Paragraph 50, Defendant admits that it (and others) developed and used a sophisticated series of interrelated models to estimate pollutant loading and its effects on Bay water quality.  Defendant denies the allegations in the second and fourth sentences of Paragraph 50.  With respect to the third sentence of Paragraph 50, Defendant admits that, as a hypothetical matter, a "fundamental flaw" in one of its models could undermine

the accuracy and validity of the models' projections.  Defendant denies that there was any such "fundamental flaw" in its Bay models.

51.     The allegations in Paragraph 51 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 51 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

52.     The allegations in Paragraph 52 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 52 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

53.     The allegations in Paragraph 53 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 53 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

54.     The allegations in Paragraph 54 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 54 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

55.     The allegations in Paragraph 55 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 55 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

56.     The allegations in Paragraph 56 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 56 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

57.     With respect to the allegations in the first sentence of Paragraph 57, Defendant admits that, as a hypothetical matter, fundamental flaws in model inputs and assumptions can generate flawed results.  Defendant denies that there were any such fundamental flaws in any of its Bay models.  The allegations in the second and third sentences of Paragraph 57 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in the second and third sentences of Paragraph 57 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL. Defendant denies the allegations of the fourth sentence of Paragraph 57.

58.     The allegations in Paragraph 58 require no response because they purport to characterize the final Chesapeake Bay TMDL and the NRCS draft report, each of which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant

denies the allegations in Paragraph 58 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL and the NRCS draft report.

59.     Defendant denies the allegations in the first, fifth, and sixth sentences of Paragraph 59.  The allegations in the second sentence of Paragraph 59 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  The allegations in the third sentence of Paragraph 59 purport to characterize the NRCS draft report, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in the second and third sentences of Paragraph 59 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL and the NRCS draft report. Defendant admits the allegation in the fourth sentence of Paragraph 59 to the extent it purports to characterize the combined sizes of D.C. and Rhode Island.  Otherwise, Defendant denies the remaining allegations in the fourth sentence of Paragraph 59.

60.     Defendant denies the allegations in the first sentence of Paragraph 60.  The allegations in the remainder of Paragraph 60 require no response because they purport to characterize parts of the administrative record, each of which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in the remainder of Paragraph 60 because they do not accurately characterize the administrative record.

61.     Defendant denies the allegations in the first and fifth sentences of Paragraph 61. The allegations in the second, third and fourth sentences of Paragraph 61 require no response because they purport to characterize the final Chesapeake Bay TMDL or the Watershed Model, each of which speaks for itself and is the best evidence of its contents.  To the extent a response

is required, Defendant denies the allegations in the second, third and fourth sentences of Paragraph 61 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL and the Watershed Model.

62.     Defendant denies the allegations in the first sentence of Paragraph 62.  The allegations in the second sentence of Paragraph 62 require no response because they purport to characterize a cited technical paper, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations inconsistent with the plain meaning and language of the cited paper.

63.     Defendant denies the allegations in Paragraph 63.

64.     The allegations in Paragraph 64 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 64 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

65.     Defendant denies the allegations in the first sentence of Paragraph 65.  Defendant admits that the second and third sentences of Paragraph 65 present generally accurate summary descriptions of "calibration" and "validation."

66.      Defendant denies the allegations in the first sentence of Paragraph 66.  The allegations in the second sentence of paragraph 66 require no response because they purport to characterize the administrative record, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in the second sentence of Paragraph 66 because they do not accurately characterize the administrative record

67.     Defendant denies the allegations in the first and fourth sentences of Paragraph 67. The allegations in the second and third sentences of Paragraph 67 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in the second and third sentences of Paragraph 67 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

68.     Defendant admits the allegations in the first sentence of Paragraph 68.  Defendant denies the allegations in the second and third sentences of Paragraph 68.  The allegations in fourth sentence of Paragraph 68 require no response because they purport to characterize the final Chesapeake Bay TMDL and a cited report, each of which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in the fourth sentence of Paragraph 68 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL and the cited report.

69.     Defendant denies the allegations in the first and fourth sentences of Paragraph 69. The allegations in the second and third sentences require no response because they purport to characterize events that occurred after the decision that is the subject of this APA case, and are not, therefore, subject to this Court's jurisdiction.  To the extent a response is required, Defendant denies the allegations in the second and third sentences of Paragraph 69.

**Development of a Federal TMDL**

70.     Defendant admits the allegations in the first sentence of Paragraph 70. Defendant also admits that it provided a 45-day public comment period on the draft TMDL.  The allegations in the remainder of Paragraph 70 purport to characterize the draft Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is

required, Defendant denies the allegations in the second and third sentences of Paragraph 70 because they do not accurately characterize the administrative record, including the draft Chesapeake Bay TMDL.  Defendant denies the allegations in the fourth sentence of Paragraph 70.

71.     Defendant admits that American Farm Bureau and other commenters requested Defendant to extend the public comment period.  Defendant also admits EPA did not extend the comment period.

72.     Defendant denies the allegations in Paragraph 72.

73.     The allegations of Paragraph 73 require no response because they purport to characterize an email communication from EPA staff, the final TMDL, and other parts of the administrative record, each of which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 73 because they do not accurately characterize the administrative record.

74.     Defendant denies the allegations in Paragraph 74.

75.     Defendant denies the allegations in the first sentence of Paragraph 75.  The allegations in the remainder of Paragraph 75 require no response because they purport to characterize the final Chesapeake Bay TMDL and other parts of the administrative record, each of which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in the remainder of Paragraph 75 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

76.     Defendant denies the allegations in the first sentence of Paragraph 76.  The allegations in the remainder of Paragraph 76 require no response because they purport to characterize the draft Chesapeake Bay TMDL and the final Chesapeake Bay TMDL, each of

which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in the remainder of Paragraph 76 because they do not accurately characterize the administrative record, including the draft Chesapeake Bay TMDL and the final Chesapeake Bay TMDL.

77.     The allegations in Paragraph 77 constitute legal conclusions to which no response is required.  The allegations in Paragraph 77 also require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 77.

**EPA's Final TMDL for the Chesapeake Bay Watershed**

78.     Defendant admits it established the final Chesapeake Bay TMDL on December 29, 2010.  The allegations in the remainder of Paragraph 78 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in the remainder of Paragraph 78 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

79.     The allegations in Paragraph 79 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 79 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

80.     The allegations in Paragraph 80 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of

its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 80 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

81.     The allegations in Paragraph 81 require no response because they purport to characterize the final Chesapeake Bay TMDL, which speaks for itself and is the best evidence of its contents.  The allegations in Paragraph 81 also constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 82.

**Significant Impacts of EPA's Final TMDL on Farm Plaintiffs' Members**

83.     The allegations in Paragraph 83 require no response because they purport to characterize the final Chesapeake Bay TMDL and other parts of the administrative record, each of which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 83 because they do not accurately characterize the administrative record, including the final Chesapeake Bay TMDL.

## FIRST CLAIM FOR RELIEF

84.     Defendant hereby re-alleges and incorporates all preceding paragraphs.

85.     Defendant denies the allegations in Paragraph 85.

86.     Defendant denies the allegations in Paragraph 86.

87.     Defendant denies the allegations in Paragraph 87.

88.     Defendant denies the allegations in Paragraph 88.

## SECOND CLAIM FOR RELIEF

89.     Defendant hereby re-alleges and incorporates all preceding paragraphs.

90.     The allegations in Paragraph 90 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 90.

91.     Defendant denies the allegations in Paragraph 91.

## THIRD CLAIM FOR RELIEF

92.     Defendant hereby re-alleges and incorporates all preceding paragraphs.

93.     Defendant denies the allegations in Paragraph 93.

94.     Defendant denies the allegations in Paragraph 94.

95.     Defendant denies the allegations in Paragraph 95.

96.     Defendant denies the allegations in Paragraph 96.

97.     Defendant denies the allegations in Paragraph 97.

## FOURTH CLAIM FOR RELIEF

98.     Defendant hereby re-alleges and reincorporates all preceding paragraphs.

99.     Defendant denies the allegations in Paragraph 99.

## GENERAL DENIAL

Defendant hereby denies each and every allegation in Plaintiffs' Complaint not previously admitted or otherwise responded to in this Answer.

## AFFIRMATIVE DEFENSES

Plaintiffs have failed to state a claim on some or all of the issues raised in their Complaint.

WHEREFORE Defendant respectfully requests that this Court enter judgment in favor of

Defendant and against Plaintiffs on all Plaintiffs' claims, award Defendant its costs, and grant

Defendant such other relief as the Court deems appropriate.

Dated this 14th day of March, 2011.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

 _/s/ Kent E. Hanson_____
KENT E. HANSON
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
601 D Street NW, # 8000
Washington, DC 20004
202-514-2327
kent.hanson@usdoj.gov


PETER J. SMITH
United States Attorney

 _/s/ Stephen R. Cerutti II_____
STEPHEN R. CERUTTI II
Assistant United States Attorney
Middle District of Pennsylvania
228 Walnut Street, Suite 220
Harrisburg, PA 17108
717-221-4482
stephen.cerutti@usdoj.gov


ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on March 14, 2011, a copy of the foregoing Answer was served by electronic service via the Court's ECF system pursuant to Standing Order 03-1, ¶ 12 upon:

Kirsten L. Nathanson
knathanson@crowell.com

Richard E. Schwartz
rschwartz@crowell.com

Robert J. Tribeck
rtribeck@rhoads-sinon.com

 /s/ Kent E. Hanson
Kent E. Hanson